**WO**

BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Lowell McElyea, | No. CV 04-1102-PHX-SMM |
| Plaintiff, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Defendants. | |

Plaintiff Joseph Lowell McElyea seeks reconsideration of the Court's order denying his fourth motion for injunctive relief and dismissing his action due to his multiple frivolous motions and filings, which were found to be malicious, vexatious, and designed to harass and antagonize the Defendants (Doc. #158). Plaintiff's motion will be denied.

## I. Factual Background

Plaintiff filed a civil rights action against various officials and employees of the Arizona Department of Corrections and of the Canteen Corporation (Docs. ##1, 137). Plaintiff alleged that his constitutional right to free exercise of religion was violated because he was improperly denied Kosher diets, required to write during the Sabbath, not allowed to possess religious garments, required to shave, and not permitted to grow side locks as required by his religion (Id.). In February 2006, the Court denied Plaintiff injunctive relief and determined, *inter alia* that the refusal to ban Messianic Jews from Jewish religious services and require an inmate to prove that he was Jewish did not substantially burden

Plaintiff's free exercise of his religion[1] (Doc. #156).  The Court dismissed Plaintiff's actions on the grounds that his conduct was malicious and vexatious (Id.).

## II.     Motion for Reconsideration

By motion filed in April 2007, Plaintiff seeks reconsideration on the grounds that since he was transferred to a new facility in December 2006 and has since been forced to attend Messianic Jewish services (Doc. #158).  Plaintiff contends that the Court's prior Order was based on a misrepresentation made by Defendant Mike Linderman, *i.e.* that Jewish Orthodox and Messianic Jews worshiped separately (Id.; Doc. # 137, Exh. A at ¶ 11).

The Court may grant a party relief under Rule 60(b) of the Federal Rules of Civil Procedure for misrepresentation or any other reasons justifying relief.  Fed.R.Civ.P. 60(b). If the party is seeking relief based on misrepresentation, the motion shall be made within a reasonable time, but not more than one year after the judgment.  Fed.R.Civ.P. 60(b).

First, the Court finds that Plaintiff's Motion for Reconsideration based on misrepresentation is untimely.  Second, Plaintiff has not demonstrated that he is entitled to relief.  Plaintiff does not argue or demonstrate that Linderman misrepresented the situation at the time Linderman's affidavit was filed.  Plaintiff merely asserts that in December 2006, after the Court's Order dismissing his case, he was transferred to a facility where he is not provided a separate service.  Third, Plaintiff's instant motion is based on information unrelated to his underlying claims.  Finally, the Court did not rely on Linderman's affidavit to dismiss Plaintiff's action—the Court dismissed Plaintiff's action due to his own malicious and vexatious conduct.  Therefore, Plaintiff's Motion for Reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Reconsideration (Doc. #158)**.**

DATED this 26th day of April, 2007.

Stephen M. McNamee
United States District Judge

---

[1] Plaintiff did not argue that he was required to attend Messianic Jewish services.

- 2 -